GREFF *et ux.* v. MCKENZIE, Adm'x, *et al.*

*Appeal from Dubuque District Court — Tuesday, December 12.*

DISSOLUTION OF INJUNCTION.

AT the instance of plaintiffs, an injunction issued in vacation, restraining the defendants from selling certain property of the plaintiff Margaret Greff, levied upon under an execution. At the hearing the injunction was dissolved, and the petition of plaintiffs was dismissed.

Plaintiffs appeal. The necessary facts are stated in the opinion.

*D. E. Lyon* for the appellant — *John Doud, Jr.,* and *Shiras, Van Duzee & Henderson* for the appellee.

DAY, J.— In March, 1860, John McKenzie obtained judgment in the Dubuque district court, against the plaintiff, Margaret Greff, for $546.60, and a decree of foreclosure of a mortgage on lot fifty, in Dubuque.

In December, 1860, said lot was sold to John McKenzie for $550, and the sum credited upon the judgment, leaving the same unsatisfied to the amount of $74.

Afterward said McKenzie agreed to convey to Margaret Greff the said lot, upon the payment, within four years, of $435, with interest. On this contract various small sums were paid, amounting in all in April, 1863, to $85. At this date the agreement between the parties was reduced to writing, and the further sum of $50 was paid thereon. On this agreement several payments were made in money and merchandise, and indorsed upon the contract, amounting to the further sum of $125, and leaving $175 due thereon.

On the 15th of March, 1864, plaintiffs sold their interest in this contract to John Long, for $800, and directed the conveyance to be made to him. Long paid to McKenzie the $175 balance due on the agreement, and obtained a deed for the property.

This action is brought to restrain the sale of certain property levied on for the satisfaction of the amount still claimed to be due on the original judgment. Appellant insists that the judgment has been discharged in full, or that it was agreed that the purchase of the lot for the consideration named should entirely satisfy the judgment. Neither position is sustained by the evidence. We are satisfied from a careful examination of the testimony that the agreement referred to had reference alone to a sale of the lot purchased under the foreclosure proceedings, and did not in any manner refer to or affect the balance due upon the judgment; and that plaintiffs have paid only the consideration of said purchase, leaving the remainder of said judgment still unsatisfied.

Affirmed.